## MATTER OF HOYT.

### *N. Y. Supreme Court, First Department; General Term, October, 1887.*

1. *Habitual drunkard; physician's affidavit incompetent.*] Section 834 of the Code of Civil Procedure,—forbidding physicians to disclose professional information,—applies to the affidavit of a physician made for the purpose of supporting an application for the appointment of a committee of a lunatic or habitual drunkard.

2. *Appointment of committee of habitual drunkard.*] Although the petition in a proceeding under Code Civ. Pro. §§ 2320 *et seq.*, contains a positive allegation that the person against whom the proceeding is instituted is an habitual drunkard, this will not sustain an order for a commission, but the proof must appear by affidavit.

3. *Evidence of habitual drunkenness.*] An affidavit relating to only one occasion cannot suffice to establish habitual drunkenness in support of a petition under Code Civ. Pro. § 2325.

Appeal from an order denying a motion to vacate an order for a commission *de lunatico inquirendo* against the appellant as an habitual drunkard.

This proceeding was instituted under Code Civ. Pro. § 2325, for the appointment of a committee of the person and property of the appellant as an habitual drunkard. Section 2325 of the Code provides that " the petition must

be in writing and verified by affidavit of the petitioner or his attorney to the effect that the matters of fact therein stated are true. It must be accompanied with *proof by affidavit* that the case is one of those specified in this title."

The order for the issue of a commission in this case was granted upon (1) a petition verified in the form provided in the Code as to pleadings, and contained an allegation that the appellant "has been for more than two years addicted to the intemperate use of alcoholic beverages, and in consequence of habitual drunkenness has rendered herself incompetent to manage herself and her affairs, and is so far disturbed in her mental faculties as to be at times uncontrollable and liable to do violence to herself and to others;" (2) an affidavit of the physician of the appellant as to her appearance and condition; and (3) the affidavit of a justice of the peace showing that, upon a complaint for assault and battery, the appellant had been arrested and brought before him for examination, and that "she seemed to me to be crazed from what appeared to be the effects of liquor. She was violent, and used violent and abusive language, overturned chairs, seized papers and threw things about the room. The officer in charge treated her as kindly as he could, and endeavored to pacify her, but was obliged to restrain her by force."

Upon these papers the court ordered that a commission in the nature of a writ *de lunatico inquirendo* issue, authorizing three persons named to inquire by a jury of the county and of the neighborhood where appellant resided, as to her habitual drunkenness.

A motion to vacate the order was made and denied, the court overruling an objection to the physician's affidavit as incompetent under Code Civ. Pro. § 834, upon the ground that, whether or not the objection was valid, there was sufficient evidence to sustain the proceeding without his affidavit.

*Frank J. Dupignac,* for the subject, appellant.

*J. M. Van Cott,* for the committee, respondent.

Per Curiam.—Disregarding the affidavit of Dr. Milne,—which we must do under the provisions of section 834 of Code of Civil Procedure,—the only proof by affidavit, that the case presented, is one specified in title 6, chapter 17, of that Code, is that in the affidavit of George R. Dutton a justice of the peace in Englewood, N. J. His affidavit relates only to one occasion, and affords no proof of the fact alleged that the person proceeded against is an habitual drunkard.

The order must be reversed, without costs, and an order entered, dismissing the proceedings, with leave to renew upon additional papers.